IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIONE MOTUAPUAKA,                          No. C-10-4733 TEH (PR)

      Plaintiff,

    v.                                     ORDER OF SERVICE

SAN MATEO COUNTY JAIL, et. al.,

      Defendant(s).
_____/

      Plaintiff, a prisoner incarcerated at Centinela State Prison in Imperial, California, has filed a pro se Complaint under 42 U.S.C. § 1983 alleging that San Mateo County Sheriff's Deputy Fuentes was deliberately indifferent to his safety while he was detained at that facility.  In this Order, the Court will conduct its initial review of the Complaint pursuant to 28 U.S.C. § 1915A.

I

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).

A pretrial detainee is not protected by the Eighth Amendment, however, because he has not been convicted of a crime. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979). Instead, pretrial detainees are afforded protection under the Due Process Clause of the Fourteenth Amendment. See United States v. Salerno,

2

481 U.S. 739, 746-47 (1987); <u>Bell</u>, 441 U.S. at 535-36.  The protections of the Due Process Clause are at least as great as those of the Eighth Amendment.  <u>See</u> <u>Revere v. Massachusetts General Hosp.</u>, 463 U.S. 239, 244 (1983); <u>Gary H. v. Hegstrom</u>, 831 F.2d 1430, 1432 (9th Cir. 1987).  In the Ninth Circuit, "deliberate indifference is the level of culpability that pretrial detainees must establish for a violation of their personal security interests under the [F]ourteenth [A]mendment."  <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).

Here, Plaintiff, who was a protective custody trustee in the San Mateo County Jail, alleges that on November 10, 2009, Deputy Fuentes opened the general population cell doors while Plaintiff was returning to his cell, an action which resulted in Plaintiff being "attacked and brutally assaulted by two northern gang members from general population."  Doc. #1 at 3.  Plaintiff seeks damages.

Liberally construed, Plaintiff's allegations against Deputy Fuentes described above appear to state a cognizable 42 U.S.C. § 1983 claim for a due process violation and Defendant San Mateo Sheriff's Deputy Fuentes will be served.  Named Defendant "San Mateo County Jail" is DISMISSED.

**III**

For the foregoing reasons and for good cause shown:

1.  Named Defendant "San Mateo County Jail" is DISMISSED.

2.  The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the Complaint in this matter and all attachments thereto and copies of

**United States District Court**
For the Northern District of California

3

this order on Defendant San Mateo County Sheriff's Deputy Fuentes. The Clerk also shall serve a copy of this order on Plaintiff.

       3. To expedite the resolution of this case, the Court orders as follows:

       a. No later than ninety (90) days from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the Court prior to the date his motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

       b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon Defendant no later than thirty (30) days after Defendant serves Plaintiff with the motion.

       c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for

4

summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

       Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendant in his  motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

       d.   Defendant shall file a reply brief within fifteen (15) days of the date on which Plaintiff serves him with the opposition.

       e.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

     4.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before

the parties may conduct discovery.

     5.    All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

     6.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED    *03/22/2011*  
                                             THELTON E. HENDERSON  
                                             United States District Judge

**United States District Court**  
For the Northern District of California

G:\PRO-SE\TEH\CR.10\Motuapuaka-10-4733-order of service.wpd