**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIONE MOTUAPUAKA,

    Plaintiff,

    v.

SAN MATEO COUNTY JAIL, et. al.,

    Defendant(s).

No. C-10-4733 TEH (PR)

ORDER DIRECTING PLAINTIFF TO FILE OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT MOTION

    Plaintiff, a prisoner incarcerated at Centinela State Prison in Imperial, California, has filed a pro se Complaint under 42 U.S.C. § 1983 alleging that San Mateo County Sheriff's Deputy Louis Fuentes ("Fuentes") was deliberately indifferent to his safety while he was detained at that facility.  Defendant Fuentes filed a summary judgment motion on June 20, 2011.  Defendant Fuentes also filed a certificate of service by mail, indicating that he served his summary judgment on motion on Plaintiff by mail to Plaintiff's address of record, Centinela State Prison, P.O. Box 921, C4-134-Up Imperial, CA 92251.  Plaintiff has not filed an opposition; his opposition is now more than two months overdue.

The Court hereby orders Plaintiff to file an opposition with the Court and serve said opposition upon Defendant by <u>November 7, 2011</u>.

## I.

Plaintiff is reminded that it is his responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

## II.

Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict

the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

     Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendant in his  motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

     Defendant shall file a reply brief within fifteen (15) days of the date on which Plaintiff serves him with the opposition.

     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

     IT IS SO ORDERED.

DATED     *10/04/2011*          _____
                                 THELTON E. HENDERSON
                                 United States District Judge

G:\PRO-SE\TEH\CR.10\Motuapuaka-10-4733-order-opp.wpd

3