IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIONE MOTUAPUAKA,	No. C-10-4733 TEH (PR)

    Plaintiff,	ORDER OF DISMISSAL

    v.

SAN MATEO COUNTY JAIL, et al.,

    Defendants.
                                       /

Plaintiff, a prisoner incarcerated at Centinela State Prison in Imperial, California, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that San Mateo County Sheriff's Deputy Louis Fuentes ("Fuentes") was deliberately indifferent to his safety while he was detained at that facility. On June 20, 2011, defendant Fuentes filed a motion to dismiss for failure to exhaust administrative remedies, or, in the alternative, a motion for summary judgment. Plaintiff's deadline for filing his opposition was extended to December 7, 2011. Instead of filing an opposition, plaintiff sought an indefinite extension of time to conduct further discovery. For the reasons set forth below, this action is

DISMISSED without prejudice due to plaintiff's failure to exhaust administrative remedies.

I.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). Under the PLRA, all available administrative remedies must be exhausted and such remedies "need not meet federal standards, nor must they be 'plain, speedy[] and effective.'" Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 739). The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies, "which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90 (emphasis in original and internal quotations and citations omitted). in original and internal quotations and citations omitted). The exhaustion requirement must be satisfied *prior* to the commencement of the action; exhaustion subsequent to the filing of suit will not suffice McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully

2

exhausts while the suit is pending). Broadly stated, the purpose of the PLRA exhaustion requirement is to "afford[] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter, 534 U.S. at 525.

Failure to exhaust under § 1997e(a) is an affirmative defense. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A defendant has the burden of raising and proving the absence of exhaustion in an unenumerated 12(b) motion. Id. at 1119-20. In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. Id. If the court concludes a prisoner has not exhausted administrative remedies, the proper remedy is dismissal of the claim without prejudice. Id. at 1120.

## II.

15 Cal. Code Regs. § 1073 provides county jail inmates with a right to "appeal and have resolved grievances" relating to their confinement. 15 Cal. Code Regs. § 1073(a). Pursuant to Section 1073, the San Mateo County Maguire Correctional Facility ("MCF") has established a Prisoner Grievance System. It is undisputed that the administrative remedies available to plaintiff and at issue here are those of the San Mateo County MCF. At the time of the incident, prisoner grievances were handled according to Section 06.08 of the San Mateo County MCF's Policy and Procedures Manual. Doc. #10, Reid Decl. at ¶ 8 and Exh. 5.

Section 06.08 requires an inmate to first attempt to resolve the grievance informally with a line staff member. If the

3

problem cannot be resolved on the staff level, the inmate must complete an Inmate Grievance Form and, where the grievance claims inappropriate staff behavior, submit the grievance to the Housing Sergeant.  The Housing Sergeant will review, reply to, or forward the grievance to the Watch Commander.  The Watch Commander shall provide the inmate with a written response.  The inmate may appeal the Watch Commander's decision to the Detention Division Captain (Facility Commander), who will issue a final decision.  Id.

### III.

Here, plaintiff admits that he failed to exhaust all his administrative remedies, Doc. #1 at 2, and the record reflects that plaintiff has not filed any grievances at San Mateo County MCF, Doc. #10, Reid Decl. at ¶ 9.  Plaintiff states that his transfer to San Quentin State Prison rendered him unable to exhaust all his administrative remedies.  Defendant's alleged indifference to plaintiff's safety took place on November 10, 2009.  Id. at 3.  The record indicates that plaintiff remained at San Mateo County MCF for another five months, and was not transferred to San Quentin State Prison until March 12, 2010.  Doc. #10, Reid Decl. at ¶ 5 and Exh. 2.  Plaintiff had at least five months at San Mateo County MCF to file a grievance.  By failing to raise his grievance at San Mateo County MCF and waiting until he was transferred to another prison to file his suit, plaintiff deprived San Mateo County MCF correctional officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case", which is the purpose of the PLRA exhaustion requirement.  Porter, 534 U.S. at 525.  Plaintiff's action must be dismissed without prejudice.  See

**4**

**Wyatt**, 315 F.3d at 1120.

**IV.**

After defendants filed their summary judgment motion on June 20, 2011, the court granted plaintiff two generous extensions of time to file his opposition to December 7, 2011, and was advised that no further extensions of time would be granted. On December 12, 2011, plaintiff nevertheless sought an indefinite extension of time to conduct additional discovery. Plaintiff stated that he was waiting on declarations which he had requested from third parties in March 2011, and that he planned to request defendant's work records. Plaintiff's request for more time is denied as not warranted. He has had ample time to conduct discovery and the information sought would not preclude summary judgment. **Cf.** **Margolis v. Ryan**, 140 F.3d 850, 853 (9th Cir. 1998) (party seeking continuance to oppose summary judgment under Rule 56(f) must make clear what information is sought and how it would preclude summary judgment).

**V.**

For the reasons set forth below, this action is DISMISSED without prejudice. The Clerk shall terminate all pending motions as moot and close the file.

IT IS SO ORDERED.

DATED   *03/27/2012*

**THELTON E. HENDERSON**
United States District Judge

G:\PRO-SE\TEH\CR.10\Motuapuaka-10-4733-dismiss-failure to exhaust.wpd

5